GAIMS WEIL WEST LLP
ALAN JAY WEIL (SBN) 63153
ajweil@gwwe.com
PETER L. STEINMAN (SBN) 144303
plsteinman@gwwe.com
1875 Century Park East, 12th Floor
Los Angeles, California 90067
Telephone: (310) 407-4500
Fax:         (310) 277-2133

*Attorneys for Plaintiff The Regents of the University of California*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>           Plaintiff,<br><br>v.<br><br>JAPAN SCIENCE AND TECHNOLOGY AGENCY, a Japanese corporation; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. 2:14-CV-4419 MMM (CW)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:      October 20, 2014<br>Time:     10:00 a.m.<br>Dept.:     780<br>Judge:    Margaret M. Morrow<br><br>[Complaint filed March 25, 2014] |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

**TABLE OF CONTENTS**

| | | Page(s) |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | THE ACTION SHOULD BE STAYED, NOT DISMISSED | 3 |
| III | THE ARBITRATOR, NOT THE COURT, SHOULD DECIDE THE ARBITRATION FORUM | 11 |
| IV | CONCLUSION | 12 |

i

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 375-76 (4th Cir. 2012) ............................. 3

*Akar v. Prescott Hotel*, WL 2265184 (N.D. Cal. June 2, 2008) ................................................ 7

*Andrade v. P.F. Chang's China Bistro, Inc.*, WL 5472589, p. 12 (S.D. Cal. August 9, 2013). 4

*Chappel v. Lab. Corp. of Am.*, 232 F.3d 719 (9th Cir. 2000) .................................................... 7

*Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F.Supp.2d 1236 (S.D. Cal. 2000) .... 11

*CopyTele, Inc. v. E Ink Holdings, Inc.*, 962 F.Supp.2d 1130 (N.D. Cal. 2013) ........................ 9

*Cronus Investments, Inc. v. Concierge Services*, 35 Cal.4th 376, 387 (2005) .......................... 8

*Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013) ....................................... 6

*Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir.1999) .......................................... 4

*Husain v. McDonald's Corp.*, 205 Cal.App.4th 860, **871** (2012) ......................................... 11

*KKE Architects, Inc. v. Diamond Ridge Dev. LLC*, 2008 WL 637603
   (C.D. Cal. Mar. 3, 2008) ....................................................................................................... 7

*Long Beach Drug Co. v. United Drug Co.*, 13 Cal.2d 158 (1939) .......................................... 10

*Luchini v. Carmax, Inc.*, WL 2995483, pp. 15-16 (E.D. Cal. July 2012) .................................. 4

*Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166 (C.D. Cal. 2008) .................................. 7

*Lyndon Prop. Ins. Co. v. Founders Ins. Co.*, 587 F. Supp. 2d 333, 338 (D. Mass. 2008) ....... 11

*Rhone Mediterranee Compagnia Francese Di Assicurazioni E Riassicurazoni v. Lauro*
   712 F.2d 50, 54–55 (3d Cir.1983) ......................................................................................... 4

*Richard C. Young & Co., Ltd. v. Leventhal*, 389 F3d 1, 3-4 (1st Cir. 2004) .......................... 11

*See Foley v. Interactive Data Corp.*,
   47 Cal.3d 654, 683 (1988) ..................................................................................................... 9

*Sheffer v. Samsung Telecommunications Am., LLC*, WL 792124 (C.D. Cal. Feb. 6, 2014) ..... 4

*Sparling v. Hoffman*, 864 F.2d 635 (9th Cir. 1988) .................................................................. 7

*Steinmeyer v. Warner Cons. Corp.*, 42 Cal.App.3d 515, 519 (1974) ..................................... 11

*Swanson Restoration & Design*, 207 U.S. Dist. LEXIS 96520 (C.D. Cal. November 26, 2007) 7

*Thayer Plymouth Ctr., Inc. v. Chrysler Motors Corp.*, 255 Cal.App.2d 300 (1967) .............. 10

*Yuzwa v. M/V Oosterdam*, WL 6675171 (C.D. Cal. 2012) ....................................................... 4

## STATUTES

*California Code of Civil Procedure § 1292.6* ........................................................................... 8

*Civil Code § 3423(e)* .............................................................................................................. 11

## OTHER AUTHORITIES

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

GAIMS WEIL WEST LLP
ATTORNEYS AT LAW
1875 CENTURY PARK EAST, 12th FLOOR, LOS ANGELES, CALIFORNIA 90067-2513
TELEPHONE (310) 407-4500

*13 Witkin, Summary of California Law, Equity § 45 (10th **Ed.** 2005)* .................................. 11

*4 Am. Jur. 2d Alternative Dispute Resolution, § 123 (2014 update)* ........................................ 5

*FAA, 9 U.S.C. § 3* .......................................................................................................................... 4

*H.R. Rep. No. 96, 68th Cong., 1st Sess., 2 (1924)* ...................................................................... 4

*Morris v. Morgan Stanley & Co., 942 F.2d 648, 653–54 (9th Cir.1991)* ................................ 5

*Rutter Group, Federal Civil Procedure Before Trial, ¶ 16.102.1d (2014 rev.)* ....................... 11

*Sink* ................................................................................................................................................. 4

*Sink v. Aden Enterprises, Inc., 352 F.3d 1197, 1201 (9th Cir. 2003)* ....................................... 4

iii

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

# I
# INTRODUCTION

Plaintiff The Regents of the University of California (the "University") does not dispute that defendant Japan Science and Technology Institute ("JST") has the right to demand arbitration. But the University does dispute JST's demand that the Court dismiss this action. The Court should stay this action and maintain jurisdiction for at least two reasons: (1) to ensure that JST's demand for arbitration results in a timely completed arbitration, and (2) to confirm any award as a judgment and to grant any necessary injunctive relief in aid of arbitration.

As set forth in the complaint, JST has a history of dilatory tactics that have prevented the University from enforcing and protecting its and its licensees' patent rights. That conduct continues even today. JST has refused even to acknowledge it was properly served with summons and complaint in this action and says that it is not generally appearing.

The governing agreement between the parties, the Inter-Institutional Agreement ("IIA"), specifically allows either party to seek injunctive relief or specific performance *in this Court*. During or following the arbitration, the University may need the injunctive relief and/or the specific performance it seeks in the complaint.

The University and JST jointly own several patents, including the LED light technology patents at issue in this action. Under the IIA, the University manages the commercialization of the jointly owned patents, including licensing and enforcement activities. The IIA requires a party learning of infringement to notify and obtain the other party's consent before commencing enforcement activity. Despite notifying and providing JST with overwhelming evidence of infringement, JST has failed to timely consent to prosecute an infringement action against an infringer. ***JST has never disputed the existence or severity of the infringement.*** Nevertheless, it has engaged in delaying tactics that continue to prevent the University from enforcement efforts and jeopardize not only the patents at issue, but also the University's ability to exploit its other intellectual property rights as licensees may become wary of paying for exclusive rights that cannot be enforced.

GAIMS WEIL WEST LLP
ATTORNEYS AT LAW

If JST follows through on its demand for arbitration, the arbitrator will decide whether, as JST claims, it has an unfettered "veto" right not to consent to infringement actions and whether it can withhold that consent arbitrarily and indefinitely, causing irreparable injury to the University. As a matter of law, JST does not have such a right. Rather, JST must exercise its consent right in good faith in accord with both the IIA's express provisions and the covenant of good faith and fair dealing.

Similarly, if JST follows through on its demand for arbitration, the arbitrator will decide if JST breached the IIA's express terms and/or the covenant of good faith and fair dealing and will make the findings necessary for injunctive relief by defining the parameters under which JST must consent to enforcement. If JST fails to act within those parameters, then the University would have a right to injunctive relief and/or specific performance – relief this Court is expressly authorized to provide under the IIA.

JST does not attack the legal sufficiency of the claims alleged in the University's complaint. JST's insinuation that the University improperly filed the complaint is without merit and irrelevant. Parties may and frequently do litigate even when their contract contains an arbitration clause. The University was entitled to file its complaint seeking a court adjudication of its claims. And JST was entitled to choose to litigate or arbitrate. JST chose to demand arbitration. The University has serious claims against JST which if not resolved threaten the University's and its licensees' valuable and unique patent rights.

JST's assertion that the Court should order arbitration to take place in Tokyo, Japan is not properly before the Court and is wrong. The law is clear that the arbitrator, not the Court, decides disputes concerning the interpretation of arbitration clauses, including disputes over forum. Even if the Court concludes that it can decide that issue, the IIA expressly provides that the arbitration take place in Los Angeles, California, not Tokyo, Japan because JST, not the University, has requested arbitration.

## II
## THE ACTION SHOULD BE STAYED, NOT DISMISSED

The Court should stay, rather than dismiss, this action and maintain jurisdiction for at least two reasons: (1) to ensure that JST timely prosecutes and completes the arbitration it has demanded and (2) to grant any necessary injunctive relief during the course of the proceedings as specifically provided by the IIA.

The FAA provides that where, as here, a party moves to compel arbitration, the court should stay that action:

> ***"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties*** stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement***, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added.)***

9 USCA § 3.

International arbitrations under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") incorporate Section 3 of the FAA and authorize District Courts to stay actions to maintain jurisdiction. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 375-76 (4th Cir. 2012) so held:

> ***"Although we affirm the district court's determination that the Arbitration Clause is enforceable,*** we reject its procedural disposition of the case – i.e., dismissal of the Complaint ***with prejudice and denial of the injunction request as moot.*** Contrary to the court's apparent supposition, it was not divested of jurisdiction once it concluded that Aggarao's claims were subject to arbitration in the Philippines. The Supreme Court in Sky Reefer explicitly recognized that a district court could, in foreign arbitration cases, properly retain jurisdiction after referring the parties to arbitration pursuant to the Convention Act*. Id. at 540–41, 115 S.Ct. 2322;* id*. at 542, 115 S.Ct. 2322 (O'Connor, J., concurring) (explaining that "[f]oreign arbitration clauses of the kind presented here do not divest domestic courts of jurisdiction, unlike true foreign forum selection clauses"). * * *
>
> Moreover, we have recognized that, '[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings and

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

to compel arbitration*.' Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 937 (4th Cir.1999) (citations omitted).* Although our Hooters decision addressed a district court's authority to stay proceedings pending arbitration under § 3 of the FAA – which applies specifically to arbitration agreements between citizens of the United States – that provision is equally applicable to actions subject to the Convention Act. As explained above, § 208 of the Convention Act incorporates those provisions of the FAA that are not in conflict with the Convention or the Convention Act. Because neither the Convention nor the Convention Act prohibits the issuance of a stay of proceedings, the authority conferred in § 3 of the FAA is incorporated into the Convention Act*. Cf. Rhone Mediterranee Compagnia Francese Di Assicurazioni E Riassicurazoni v. Lauro, 712 F.2d 50, 54–55 (3d Cir.1983) (concluding that stay of proceedings pending arbitration "was in compliance with the Convention and the law of the United States")." (Emphasis added.)*

Courts in the Central District regularly stay, rather than dismiss, actions subject to the Convention. For example, in *Yuzwa v. M/V Oosterdam*, WL 6675171 (C.D. Cal. 2012), Judge Snyder stayed an action subject to the Convention and "retain[ed] jurisdiction over this matter for purposes of enforcing any award that results from the arbitration." *Id*. at p. 12. *See also Sheffer v. Samsung Telecommunications Am*., *LLC*, WL 792124 (C.D. Cal. Feb. 6, 2014) (action stayed pending arbitration). Other California District Courts have likewise stayed, rather than dismissed, actions pending arbitration. *Luchini v. Carmax, Inc*., WL 2995483, pp. 15-16 (E.D. Cal. July 2012) (denying defendant's 12(b)(1) motion to dismiss action for lack of jurisdiction because all claims were arbitral, district court instead stayed action pending arbitration); *Andrade v. P.F. Chang's China Bistro, Inc*., WL 5472589, p. 12 (S.D. Cal. August 9, 2013) (defendant's motion to dismiss action based on arbitration provision in employment agreement denied; district court instead stayed action pending arbitration pursuant to the FAA, 9 U.S.C. § 3).

A stay, rather than dismissal, is appropriate here so that the Court can maintain jurisdiction to ensure that JST timely prosecutes and completes the arbitration. "One purpose of the FAA's liberal approach to arbitration is the efficient and expeditious resolution of claims. H.R. Rep. No. 96, 68th Cong., 1st Sess., 2 (1924)." *Sink v. Aden Enterprises, Inc*., 352 F.3d 1197, 1201 (9th Cir. 2003). In *Sink*, the Ninth Circuit held that where a defendant moves to compel arbitration and then delays or fails to timely prosecute the arbitration, the arbitration stay

should be lifted or vacated and the case returned to the District Court for trial. There, the defendant moved to compel arbitration and stay the action pending that arbitration. The District Court did so. However, the defendant failed to prosecute the arbitration. As a result, the arbitrator entered the defendant's default and the District Court granted the plaintiff's motion to lift the stay and after a further hearing ordered that the "case proceed to trial." *Id*. at 1199. The Ninth Circuit affirmed, holding "If a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay." *Id*. at 1201; *Morris v. Morgan Stanley & Co*., 942 F.2d 648, 653–54 (9th Cir.1991) (stay vacated where party originally seeking stay pending arbitration defaulted in arbitration "by delay and non-prosecution of claims"). "Delay in enforcing arbitration, after a stay of proceedings pending arbitration has been granted, constitutes a ground for vacating the stay." 4 Am. Jur. 2d *Alternative Dispute Resolution,* § 123 (2014 update).

      This is more than a theoretical issue. As set forth in the complaint, JST has a pattern and practice of delay and obfuscation that has prevented the University from protecting its and its licensees' patent rights by preventing the prosecution of known infringers. JST has never taken issue with, much less denied, the overwhelming evidence of infringement. Instead, JST has interjected an endless stream of vague, inconsistent and sometimes outrageous objections to delay and ultimately frustrate the University's enforcement efforts.[1] [Complaint, ¶¶ 5, 13-14.] The University has no reason to believe that JST has changed its stripes. Indeed, JST has refused even to acknowledge it was properly served with summons and complaint in this action and says that it is not generally appearing, presumably so that it could contest personal jurisdiction. Moving papers, fn. 6. As a result, if this action were dismissed rather than stayed, and if JST fails to prosecute the arbitration, the University would be forced to chase it down and serve it with the summons and complaint again.

      JST glosses over its December 2012 email in which it revealed – for the first time and more than three years *after* the IIA was executed – that JST would *never* consent to enforcement

---

[1] JST's attempt to justify its failure and refusal to give consent for over two and a half years is irrelevant to their motion. The lack of merit of JST's position is for another day.

5
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

actions against Japanese companies and/or JST's customers, regardless of the evidence of infringement:

> ***"JST has arbitrarily withhold consent to the enforcement of The University's patent rights and prosecution of infringement actions – in direct violation of language, spirit, purpose and intent of the IIA and license agreement.  JST did not inform The University that it would arbitrarily withhold such consent at any time before execution of the IIA, the license agreements or, indeed, at any time before December 2012.  In** a **December 2012 email, JST stated that it would not agree to enforcement against a Japanese company, or a customer that paid license fees to JST for other patent licensing."***  (Emphasis added.)

[*Id.* at ¶ 15.]  This email constitutes JST's ultimate betrayal of its obligation to act in good faith.  Accordingly, the Court's staying this action and maintaining jurisdiction will ensure that JST timely prosecutes and completes the arbitration it demands and will allow the Court to remedy the situation if JST fails to do so.

A stay, rather than dismissal, is also appropriate here so that the Court can maintain jurisdiction to enter any necessary injunctive relief – relief that the IIA specifically allows the parties to seek in this Court.  The Ninth Circuit in *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013) recently held that an action should be stayed rather than dismissed pending arbitration to maintain jurisdiction to enter any appropriate injunctive relief:

> *"*The district court is directed to grant the motion as to all claims, including Plaintiffs' injunctive relief claims, ***and to stay the lawsuit pending arbitration.  In the event that the arbitrator concludes*** that Corinthian has violated the UCL, FAL, or CLRA, and ***that entry of an injunction might be appropriate, but further determines that it lacks the authority under the agreements at issue to grant the requested injunction, Plaintiffs may seek the requested injunction in court."***

*Id.* at 938.  Here, as in *Ferguson*, the University properly seeks injunctive relief and this Court, like the Court in *Ferguson*, should stay the action to maintain jurisdiction to enter any necessary injunctive relief.  Moreover, unlike the arbitration provision in *Ferguson*, the IIA specifically allows either party to seek "injunctive relief and/or specific enforcement" in this Court in aid of arbitration:

> ***"Notwithstanding the foregoing,*** either party shall have the right to institute a legal action in a court of proper jurisdiction for injunctive relief

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

and/or decree of specific performance *pending final settlement by arbitration." (Emphasis added.)*

IIA § 17.[2]

JST's authority for dismissing, rather than staying, this action is inapposite. None of JST's cases involve a situation where, as here, the Court needs to retain jurisdiction to ensure that the arbitration is timely commenced or completed based on a defendant's past dilatory conduct. Nor has JST cited any case with an arbitration provision similar to the provision in the IIA that specifically gives the parties the right to seek injunctive relief *in this Court*.

JST's reliance on *Swanson Restoration & Design,* 207 U.S. Dist. LEXIS 96520 (C.D. Cal. November 26, 2007) is misplaced. There was no allegation in *Swanson* that the defendant had been dilatory or that a stay was necessary to ensure the defendant timely prosecuted and completed the arbitration. Nor did the arbitration clause in that case specifically give the parties the right to seek injunctive relief from the District Court.

JST's reliance on *KKE Architects, Inc. v. Diamond Ridge Dev. LLC*, 2008 WL 637603 (C.D. Cal. Mar. 3, 2008), *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719 (9th Cir. 2000) and *Akar v. Prescott Hotel*, WL 2265184 (N.D. Cal. June 2, 2008) is misplaced for the same reasons. Additionally, in *Akar* the plaintiff filed no opposition to the defendant's motion to compel arbitration or to dismiss. *Id*. at p. 2 ("***Plaintiff has not filed an opposition to the motion***, although the proof of service indicates that she was served with the motion." (Emphasis added)).

JST also relies on *Sparling v. Hoffman*, 864 F.2d 635 (9th Cir. 1988), but in that case there was no allegation that the defendant had been dilatory, and the arbitration provision did not specifically give the parties the right to seek injunctive relief from the District Court. Moreover, in *Sparling*, unlike this case, the District Court dismissed only after the plaintiffs failed to amend their complaint despite the District Court's repeated warnings that the complaint was defective. *Id*. at 637.

*Luna v. Kemira Specialty, Inc*., 575 F. Supp. 2d 1166 (C.D. Cal. 2008) is also inapposite for the reasons cited above – no allegation of dilatory conduct or an arbitration provision

---

[2] A copy of the IIA is attached to JST's moving papers.

specifically giving the parties to right to seek injunctive relief in court. Instead, this Court rejected the plaintiff/employee's request to stay the action "for the sole purpose of confirming an arbitration award" because another District Court (in New Jersey) had already retained jurisdiction and stayed a parallel action pending arbitration of identical claims – the enforceability of a covenant not to compete contained in an employment contract:

> "**Here,** the New Jersey court has determined that all claims arising out of the non-competition clause are arbitral, and ordered them to be resolved exclusively in arbitration*. . . . **In light of the fact that Luna's claims . . . are proceeding in arbitration in New Jersey, the court sees no utility in retaining jurisdiction for the sole purpose of confirming an arbitration award in the event Luna obtains the relief he seeks.*** This is particularly true since the district court in New Jersey **has** retained jurisdiction over the case 'including, without limitation, for the purpose of: (i) entering any application [Kemira] may file for a temporary restraining order or preliminary injunction; (ii) entertaining any motion to confirm the award of the arbitration panel; and (iii) granting such other and further relief as the Court may deem proper.' Because the New Jersey court is prepared to confirm any arbitration award entered on Luna's behalf, the court declines to stay the matter pending arbitration*. **It therefore exercises its discretion to dismiss the complaint without prejudice under Rule 12(b)(6).**"

*Id*. at 1178-79. Here, there is no other action pending, and no other court has retained jurisdiction.

California law also requires that this action be stayed, rather than dismissed, so that the Court can monitor the arbitration. California Code of Civil Procedure § 1292.6 requires the Court to retain jurisdiction to "determine any subsequent petition involving the same agreement to arbitrate and the same controversy . . . ." The IIA contains a California choice of law provision: "This Agreement shall be governed by and construed in accordance with the laws of the state of California, United States of America, without regard to the conflict of laws provisions thereof." IIA § 16. *See Cronus Investments, Inc. v. Concierge Services,* 35 Cal.4th 376, 387 (2005) (holding that a California choice of law provision can require application of California's arbitration law).

JST has now demanded arbitration. Assuming JST follows through, the arbitrator will decide whether JST can arbitrarily preclude the University from protecting its patent rights

through infringement actions under the IIA or whether instead JST must give consent to enforcement when the University presents evidence of infringement. [Complaint, ¶¶ 7-9.]

In making that determination, the arbitrator will also make the findings necessary for injunctive relief – *i.e.*, identify the parameters under which JST must consent to enforcement of the University and licensees' patent rights. If JST fails to act within those parameters, then the University would have a right to seek injunctive relief and/or specific performance – relief that the IIA specifically provides the parties can seek in this Court.

JST's claim that the University cannot "eliminate" its consent right by "rewriting" the IIA is a straw man. The University does not seek to rewrite the IAA. Rather, the University seeks to enforce the IIA under its express terms and California law – both of which require JST to act in good faith and not arbitrarily to deny the University of the benefits of the IIA. Courts have held that consent provisions similar to the IIA's provision do not provide an arbitrary "veto" right. The right to deny consent is limited by the covenant of good faith and fair dealing and cannot be exercised arbitrarily. *CopyTele, Inc. v. E Ink Holdings, Inc.*, 962 F.Supp.2d 1130 (N.D. Cal. 2013).

In *CopyTele,* the District Court distinguished a consent provision giving the holder a right to withhold consent arbitrarily, from the type of provision contained in the IIA which is subject to and limited by the implied covenant of good faith and fair dealing as a matter of California law:

> "Here, Section 6.3 [of the agreement] ***does not confer upon [plaintiff] the right to withhold consent arbitrarily***. ***Absent such a provision, the right to withhold consent is subject to the implied covenant of good faith and fair dealing***. See Foley v. Interactive Data Corp., 47 Cal.3d 654, 683, 254 Cal.Rptr. 211, 765 P.2d 373 (1988) (stating that '[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement')." (Emphasis added.)

*Id*. at 1142. The Court concluded that under both California and Federal Circuit law, unless the consent provision made it clear that consent could be arbitrarily withheld, withholding consent was subject to the implied covenant. As set forth above, the IIA is governed by California law. IIA § 16.

1    The IIA's enforcement provision (Section 8) contains a similar, limited consent provision that does not specifically provide JST with the right to arbitrarily withhold consent.  Rather, like the *CopyTele* provision, the IIA simply requires "prior written consent:"

> "In the event either party learns . . . of any actual or apparent infringement of any subject patent, such party shall provide the other party with prompt written notice of such infringement.  Neither party shall, ***without the prior written consent of the other party***, notify any third party (including the infringer) of the existence of any subject patents or commence any litigation or other enforcement proceeding with respect to any actual or alleged infringement of any Subject Patents." (Emphasis added.)

IIA, § 8.

Moreover, the IIA specifically requires the parties to act fairly and in good faith:  "In the event of doubt or disagreement arising in connection with the interpretation and application of this Agreement or matters not provided for herein, the parties hereto shall consult with each other ***in good faith*** to arrive at a fair resolution."  IIA § 10 (emphasis added).

JST relies also on *Long Beach Drug Co. v. United Drug Co*., 13 Cal.2d 158 (1939) and *Thayer Plymouth Ctr., Inc. v. Chrysler Motors Corp*., 255 Cal.App.2d 300 (1967) to support its contention that the University is not entitled to injunctive relief.  But both cases have been characterized as exemplifying an "archaic doctrine" that specific performance cannot be granted where the contract requires court supervision and that has been superseded and abrogated by modern case law:

> "(1) *Early View*.  An archaic doctrine denies specific performance of contracts that call for a series of acts requiring continuous supervision, such as agreements for construction and repair.  The earlier California cases followed this rule. (*See Pacific Elec. Ry. Co. v. Campbell-Johnston* (1908) 153 C. 106, 113, 94 P. 623; **Long Beach Drug Co. v. United Drug Co**. (1939) 13 C.2d 158, 171, 88 P.2d 698 [contract for exclusive sales agency at specified prices]; *Sheehan v. Vedder* (1930) 108 C.A. 419, 292 P. 175; *Moore v. Heron* (1930) 108 C.A. 705, 711, 292 P. 136; *Hunter v. Superior Court* (1939) 36 C.A.2d 100, 110, 97 P.2d 492; *Lind v. Baker* (1941) 48 C.A.2d 234, 247, 119 P.2d 806; *Whipple Road Quarry Co. v. L.C. Smith Co*. (1952) 114 C.A.2d 214, 216, 249 P.2d 854; **Thayer Plymouth Center v. Chrysler Motors Corp**. (1967) 255 C.A.2d 300, 303, 63 C.R. 148.)
>
> \*   \*   \*

(2) *Modern View*.  The better modern cases and other authorities reject this doctrine and give specific performance whenever it is practically feasible."

13 Witkin, *Summary of California Law*, Equity § 45 (10th *Ed.* 2005); *see Husain v. McDonald's Corp.*, 205 Cal.App.4th 860**, 871** (2012), *Id.*, 205 Cal.App.4th at 871 (recognizing abrogation of both *Long Beach Drug* and *Thayer Plymouth Center*).

JST's reliance on Civil Code § 3423(e) is also misplaced because courts have held that contracts involving property that is unique or peculiar can be specifically enforced.  *See Steinmeyer v. Warner Cons. Corp.*, 42 Cal.App.3d 515, 519 (1974) (preliminary injunction affirmed, holding that an agreement involving unique or "peculiar" property can be specifically performed).  The patent rights at issue here are similarly unique and peculiar.

Accordingly, the Court should stay, not dismiss, this action to maintain jurisdiction to ensure that (1) JST timely prosecutes and completes the arbitration it has demanded and (2) grant any necessary injunctive relief during the course of the proceedings as specifically provided by the IIA.

## III
## THE ARBITRATOR, NOT THE COURT, SHOULD DECIDE THE ARBITRATION FORUM

JST's assertion that the arbitration must be held in Tokyo, Japan is not properly before the Court.  The arbitrator, not the Court, decides disputes regarding the arbitration forum:

> ***"When there is disagreement over interpretation of the forum-selection clause and the location of the arbitration, the arbitrator must decide the issue.  The district court lacks power to interpret the clause."***

Rutter Group, *Federal Civil Procedure Before Trial*, ¶ 16.102.1d (2014 rev.) (citing *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F3d 1, 3-4 (1st Cir. 2004) (so holding).  *See Lyndon Prop. Ins. Co. v. Founders Ins. Co.*, 587 F. Supp. 2d 333, 338 (D. Mass. 2008) (a disagreement regarding the arbitration forum "is a procedural issue that is for the arbitrators, not the court.")

JST's reliance on *Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F.Supp.2d 1236 (S.D. Cal. 2000) for the proposition that the Court must order arbitration in Japan is wrong for two reasons.  First, the plaintiff in that case argued that California public policy required arbitration in California, despite the arbitration agreement's selection of a single forum –

1  London. *Id.* at 1261, fn. 24.  Here, the plain language of the IIA arbitration provision, unlike the
2  provision in *Chloe Z*, provides for *two* arbitration forums – Los Angeles or Tokyo.  Second, here
3  there is a dispute as to the interpretation of the forum-selection clause and thus whether the
4  arbitration should be held in Los Angeles or Japan.  No such dispute existed in *Chloe Z*.  As set
5  forth above, such disputes over the interpretation of forum-selection clauses are for the arbitrator,
6  not this Court.

## IV
## IF THE COURT WISHES TO DECIDE THE FORUM, IT SHOULD ORDER THAT THE ARBITRATION TAKE PLACE IN LOS ANGELES

However, if the Court concludes that it has the right to determine the arbitration forum, it should order that the arbitration take place in Los Angeles.  The IIA provides that where, as here, JST requests arbitration, the arbitration "shall" be held in Los Angeles, California:

> "If the arbitration is requested by JST, the arbitration shall take place in Los Angeles, California*, and if requested by UCSB, the arbitration shall take place in Tokyo, Japan." (Emphasis added.)*

Exhibit __, IIA § 17.

JST has moved to compel arbitration.  Accordingly, "the arbitration shall take place in Los Angeles, California."

## IV
## CONCLUSION

For all the foregoing reasons, the University respectfully requests that the Court deny the motion to dismiss and stay the action pending arbitration to preserve the University's rights to a speedy resolution and to obtain injunctive or other relief in this Court.  The Court should also deny JST's motion to order the arbitration to proceed in Tokyo.  The Court should either allow the arbitrator to decide the issue or should order the arbitration to take place in Los Angeles in accord with the express mandate of the IIA.

Dated:  September 29, 2014                         GAIMS WEIL WEST LLP

                                                                        Alan Jay Weil
                                                                         Peter L. Steinman

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

GAIMS WEIL WEST LLP
ATTORNEYS AT LAW

By: _____

Peter L. Steinman

*Attorneys for Plaintiff The Regents* of *the University of California*